IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| WILLIAM RAPP and LARRY EGGETT, on behalf of themselves and all others similarly situated employees, | § § § § | |
| Plaintiffs, | § § | |
| V. | § § | CIVIL ACTION NO. _____ |
| SUTHERLAND MORTGAGE SERVICES, INC., | § § § § | |
| Defendant. | § | |

## COMPLAINT

Plaintiffs William Rapp and Larry Eggett ("Plaintiffs"), on behalf of themselves and all other similarly situated employees ("the putative class"), file this Complaint against Sutherland Mortgage Services, Inc. ("Defendant" or "Sutherland"), showing as follows:

## INTRODUCTION

1. Defendant provides mortgage loan services by helping outsource some of the mortgage loan process to India.

2. Plaintiffs Rapp and Eggett are former mortgage loan officers who worked for Defendant in the United States. Plaintiffs and the putative class were classified as non-exempt from the federal Fair Labor Standards Act ("FLSA"), meaning they were entitled to receive overtime when they worked more than forty hours in a workweek.

3. Defendant violated the FLSA in two distinct ways: First, they knew or should have known that Plaintiffs and the putative class were working well over forty hours in a week. Despite this knowledge, they told Plaintiffs and the putative class not to record all of the overtime they were working, and in some instances intentionally altered the time cards of

employees to reflect little to no overtime.  Thus, they owe Plaintiffs and the putative class for all "off-the-clock" overtime.  Second, in the rare instances in which overtime was paid to Plaintiffs and the putative class, Defendant did not include commissions earned in the calculation of the regular and overtime rates of pay, shortchanging Plaintiffs and the putative class for the overtime to which they worked and were entitled to receive.

4. Accordingly, Plaintiffs bring this suit to recover unpaid overtime wages to themselves and the putative class.

## THE PARTIES AND JURISDICTION

**A.  Plaintiffs**

5. Plaintiff William Rapp is a natural person residing in Harris County, Texas.  He was employed by Defendant within the three years of the filing of this lawsuit.  He has standing to file this lawsuit.

6. Plaintiff Larry Eggett is a natural person residing in Kaufman County, Texas.  He was employed by Defendant within the three years of the filing of this lawsuit.  He has standing to file this lawsuit.

**B.  Defendant**

7. Defendant Sutherland Mortgage Services, Inc. ("Sutherland") is a Texas corporation with its headquarters in Harris County, Texas and may be served with process through its registered agent: National Registered Agents, Inc., 1999 Bryan Street, Suite 900, Dallas, Texas 75201-3136.

**C.  Putative Class**

8. The "Putative Class" are all current and former mortgage loan officers who were employed in the United States by Defendant from the three years prior to the filing date of this

lawsuit. All of the putative collective action members are similarly situated to Plaintiffs and to one another, within the meaning of Section 216(b) of the FLSA.

9. Exhibits A and B are Plaintiffs' signed consent forms.

**D.** **Jurisdiction and Venue**

10. The Court has personal jurisdiction over Defendant based on both general and specific jurisdiction. For several years, Defendant has done business in the State of Texas, as well as within this District.

11. The Court has subject matter jurisdiction over this case based on federal question jurisdiction, specifically the FLSA.

12. The Court has venue over this matter because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this district, many of the unlawful employment practices alleged in this case occurred in this district, and there are employment records relevant to Plaintiffs' claims maintained and administered by Defendant in this District. 28 U.S.C. § 1391(b); 42 U.S.C. § 12117(a); 42 U.S.C. § 2000e-5(f)(3).

## FACTUAL AND LEGAL BACKGROUND

13. Plaintiffs are former loan officers for Defendant. They were classified as non-exempt from the overtime provisions of the FLSA.

14. During the past three years, Plaintiffs and the putative class worked a significant amount of hours for Defendant, including overtime hours. Plaintiffs and the putative class were told by their United States Supervisor on several occasions not to record all of the hours they were working. They were told not to record more than 40 hours per week worked.

15. Defendant's United States Supervisor told Plaintiffs and the putative class that time cards that had "excessive hours would not be approved for payroll."

16. Sometimes, Plaintiffs and putative class members would record more than 40 hours in a workweek. Defendant would then either (a) tell the employee to reduce the hours reported (most of the time showing no overtime), (b) reduce the hours itself on the employee's time card (most of the time showing no overtime). Defendant routinely did this to Plaintiff Rapp. With respect to Plaintiff Eggett, he did not record much if any overtime because he was told specifically not to record any overtime. Either way, the fate was the same: Plaintiffs were not paid for the overtime hours for which they worked. Similarly, the putative class suffered the same fate.

17. Moreover, on the rare occasions a small amount of overtime was paid to Plaintiffs and the putative class, Defendant failed to include commissions earned the employee in calculating the regular and overtime rates of pay. Payroll records demonstrate this beyond doubt.

## FLSA CLAIM FOR OVERTIME PAY

18. This action is authorized and instituted pursuant to the FLSA. 29 U.S.C. § 201, *et. seq*.

19. All conditions precedent, if any, to this suit, have been fulfilled.

20. The FLSA generally requires that an employer employing an employee for a workweek exceeding 40 hours must provide compensation for all hours in excess of 40 at a rate of not less than one and one-half times the employee's regular rate. *See* 29 U.S.C. § 207(a)(1). There are some exemptions to this rule. Under the law, those exemptions are narrowly construed, and the burden of proof to establish them lies with the employer. *Vela v. City of Houston*, 276 F.3d 659, 666 (5th Cir. 2001).

21. Defendant is not entitled to rely on any exemption potentially applicable to Plaintiffs or the putative class. This is why Defendant classified Plaintiffs and the putative class as non-exempt from the overtime provisions of the FLSA.

22. At all material times, Plaintiffs and the putative class were eligible "employees" under the FLSA within the three years of the filing of this lawsuit. 29 U.S.C. § 203(e).

23. At all material times, the putative class were and are similarly situated to Plaintiffs were and are employees under the FLSA within the three years of the filing of this lawsuit. 29 U.S.C. § 203(e).

24. At all material times, Defendant is an eligible and covered "employer" under the FLSA. 29 U.S.C. § 203(d).

25. At all material times, Plaintiffs and the putative class routinely worked in excess of 40 hours per seven-day workweek. Defendant was aware of should have been aware of this fact.

26. Defendant ordered Plaintiffs and the putative class not to record all overtime work.

27. Defendant reduced the time Plaintiffs and putative class members recorded.

28. At all material times, Plaintiff and the putative class were and are entitled to overtime compensation for hours worked over 40 in a seven-day workweek. 29 U.S.C. § 207(a)(1).

29. At all material times, Defendant failed to pay Plaintiff and the putative class overtime compensation for hours worked over 40 in a seven-day workweek.

30. To the extent that Defendant did pay a small amount of overtime pay to Plaintiffs and the putative class, it failed to include commissions in the calculation of the regular and overtime rates of pay.

31. Commissions are wages and count as compensable remuneration for purposes of calculating an employee's regular and overtime rates of pay. 29 C.F.R. § 778.117.

32. Defendant's violation of the FLSA was and remains willful within the meaning of 29 U.S.C. § 255(a). *See Singer v. City of Waco*, 324 F.3d 813, 821-22 (5th Cir. 2003) (upholding a jury finding of willfulness). As indicated above, Defendant knew or should have known of the FLSA's requirements to pay certain workers overtime, and they failed to follow the law. Indeed, it took active steps to avoid a written record of overtime worked by Plaintiff and the putative class.

33. Under the FLSA, an employer who violates the overtime provisions is liable not only for the unpaid overtime compensation, but also for "an additional equal amount as liquidated damages." 29 U.S.C. § 216(b). The purpose of liquidated damages is to "compensate an employee for delay in payment." *Reich v. Helicopter Servs., Inc.*, 8 F.3d 1018, 1031 (5th Cir. 1993) (citing *Brooklyn Savings Bank v. O'Neil*, 324 U.S. 697 (1945)). A court generally must award the full amount of actual damages as liquidated damages. *Singer*, 324 F.3d at 822–23. If the court concludes that the employer acted in good faith and had reasonable grounds for believing that the conduct did not violate the FLSA, the court may "award no liquidated damages or any amount" up to actual damages. 29 U.S.C. § 260; 29 C.F.R. § 790.22(b); *Singer*, 324 F.3d at 822–23.

34. It is the employer's burden to prove good faith and reasonableness. *Lee v. Coahoma County, Miss.*, 937 F.2d 220, 227 (5th Cir. 1991); *Johnson v. Big Lots Stores, Inc.*, 604 F. Supp. 2d 903, 925 (E.D. La. 2009). If the jury concludes that the employer has willfully violated the FLSA, the employer cannot demonstrate good faith, and the court must award liquidated damages in the full amount. *Singer*, 324 F.3d at 823 (citing *Heidtman v. County of El Paso,* 171 F.3d 1038, 1042 (5th Cir. 1999)); *Lee*, 937 F.2d at 226. But "[a] finding that defendant's actions were not willful does not preclude a finding that defendant did not act in

good faith and on reasonable grounds." *Johnson*, 604 F. Supp. 2d at 926 (citing *Rodriguez v. Farm Stores Grocery, Inc.*, 518 F.3d 1259, 1274 (11th Cir. 2008) ("Because the burden of proof is placed differently, a finding that willfulness was not present may co-exist peacefully with a finding that good faith was not present.")).

35. The employer's burden to demonstrate good faith and a reasonable belief that its actions complied with the FLSA is "substantial." *Singer*, 324 F.3d at 323; *Mireles v. Frio Foods, Inc.*, 899 F.2d 1407, 1415 (5th Cir. 1990). "Good faith cannot be based on ignorance, but instead 'requires some duty to investigate potential liability under the FLSA.'" *Johnson*, 604 F. Supp. 2d at 926 (quoting *Barcellona v. Tiffany English Pub, Inc.*, 597 F.2d 464, 468–69 (5th Cir. 1979)). The employer must show that it "had an honest intention to ascertain what the Act requires and to act in accordance with it." *Id*. (citing *Dybach v. State of Fla. Dept. of Corr.*, 942 F.2d 1562, 1566 (11th Cir. 1991) (internal citations omitted)). Even if the court concludes that the employer acted reasonably and in good faith, there is a "strong presumption ... in favor of doubling." *Nero v. Industrial Molding Corp.*, 167 F.3d 921, 929 (quoting *Shea v. Galaxie Lumber & Constr. Co.*, 152 F.3d 729, 733 (7th Cir. 1998)). "Doubling of an award is the norm...." *Id*. (discussing the Family and Medical Leave Act, which uses essentially the same damages scheme as the FLSA).

36. Defendant cannot prove "good faith." *See, e.g.*, *Riddle v. Tex-Fin, Inc.*, Civil Action No. H–08–31212011, WL 1103033, at *4 (S.D. Tex. Mar. 22, 2011) (awarding liquidated damages in FLSA case even where the jury did not find the violation to be willful); *Tran v. Thai*, NO. CIV.A. H-08-3650, 2010 WL 5232944, at *6 (S.D. Tex. Dec. 16, 2010) (granting summary judgment for the plaintiff in an FLSA case on the question of "good faith," stating "though the defendants conducted internet research once to determine whether a receptionist was covered by

the FLSA and were unsure as to whether they had sufficient gross revenue to be an employer under the FLSA, the defendants have identified no evidence of any specific and ongoing efforts to comply with the FLSA. The plaintiffs are entitled to summary judgment on this defense."); *Bolick v. Mgmt. by Skylane, LLC*, Civ. A. No. H-07-2261, 2008 WL 4589961 (S.D. Tex. Oct. 14, 2008) (testimony from executive that his company "has always endeavored to comply with the terms of all applicable state and federal laws, including the [FLSA]" was insufficient to withstand plaintiffs' motion for summary judgment on liquidated damages because there was "no evidence of any specific ongoing efforts by defendant to comply with the FLSA.").

37. The FLSA provides that a court "shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant . . . ." *See* 29 U.S.C. § 216(b). *See, e.g., Saizan v. Delta Concrete Products Co., Inc.*, 448 F.3d 795, 800 n. 25 (5th Cir. 2006) (affirming attorney's fees award in FLSA case of over $100,000.00).

38. Where, as here, "the employers' actions or policies were effectuated on a companywide basis, notice may be sent to all similarly situated persons on a companywide basis." *Ryan v. Staff Care, Inc.*, 497 F. Supp. 2d 820, 825 (N.D. Tex. 2007) (certifying nationwide class in FLSA misclassification case).

39. Accordingly, Plaintiffs seek to represent a class under 29 U.S.C. § 216(b) on behalf of:

> "all of Defendant's current and former loan officers in the United States who were classified as non-exempt from the FLSA's overtime provisions and who were paid salary plus commissions in the past three years by Defendant"

**JURY DEMAND**

40. Plaintiffs demand a jury trial.

## DAMAGES AND PRAYER

Plaintiffs ask that the Court issue a summons for Defendant to appear and answer, and that Plaintiffs and those similarly situated to Plaintiffs be awarded a judgment against Defendant for the following:

    a.    Actual damages in the amount of unpaid overtime wages under the FLSA;

    b.    Liquidated damages under the FLSA;

    c.    Pre-judgment and post-judgment interest;

    d.    Court costs;

    e.    Reasonable attorneys' fees; and

    f.    All other relief to which Plaintiffs and those similarly situated to Plaintiffs are entitled under the FLSA.

Respectfully submitted,

OBERTI SULLIVAN LLP

By:    s/ Edwin Sullivan
Edwin Sullivan
State Bar No. 24003024
S.D. Texas No. 24524
712 Main Street, Suite 900
Houston, TX 77002
(713) 401-3555 – Telephone
(713) 401-3547 – Facsimile
ed@osattorneys.com

ATTORNEY-IN-CHARGE FOR PLAINTIFFS

OF COUNSEL:

OBERTI SULLIVAN LLP
Mark J. Oberti
Texas Bar No. 00789951
Southern District ID No. 17918
712 Main Street, Suite 900
Houston, TX 77002
 (713) 401-3555 – Telephone
 (713) 401-3547 – Facsimile
mark@osattorneys.com

THE CRAIGHEAD LAW FIRM, PLLC
Clayton D. Craighead
State Bar No. 24065092
S.D. Texas No. 958992
440 Louisiana, Suite 900
Houston, TX 77002
(832) 798-1184 – Telephone
(832) 553-7261 – Facsimile
clayton.craighead@thetxlawfirm.com

ATTORNEYS FOR PLAINTIFFS